UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

PAULA MCCOURTY and ERIC GILLESPIE,

                                  Plaintiffs,

    -against-

CITY OF NEW YORK, GEORGE BRANCACCIO, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                  Defendants.

---------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

       Plaintiffs PAULA MCCOURTY and ERIC GILLESPIE, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

**Preliminary Statement**

1.   Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiffs also assert supplemental state law claims.

**JURISDICTION**

2.   This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs assert supplemental state law claims pursuant to common law and the New York State Constitution.

3.   Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff PAULA MCCOURTY is a forty-five year old African American woman residing in Queens, New York.

7. Plaintiff ERIC GILLESPIE is a twenty-three year old African American man residing in Queens, New York.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. That at all times hereinafter mentioned, the individually named defendants, GEORGE BRANCACCIO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On November 1, 2012, beginning at approximately 7:30 p.m., by the corner of Rockaway Boulevard and 148th Street, Queens, New York, plaintiff PAULA MCCOURTY was walking home with her son, plaintiff ERIC GILLESPIE, when a defendant NYPD officer, without cause or justification, cursed at plaintiff MCCOURTY and asked to see her identification.

14. Plaintiff MCCOURTY asked why the officer wanted to see her identification.

15. In response the defendant officer stated in sum and substance, I can arrest you, you're under arrest.

16. The officer then handcuffed plaintiff MCCOURTY, and after she was handcuffed sprayed her with "O.C." spray and swiped her legs, causing plaintiff MCCOURTY to fall to the ground.

17. Additional defendant officers thereafter approached plaintiffs.

18. Multiple defendant officers participated in grabbing plaintiff GILLESPIE, spraying him with O.C. spray, slamming him to the ground, and handcuffing him.

19. Thereafter, defendant officers picked plaintiffs up, imprisoned plaintiffs in a police vehicle, and transported them to the 113th police precinct stationhouse.

20. As a result of the defendant officers' actions, plaintiffs PAULA MCCOURTY

and ERIC GILLESPIE suffered pain, discomfort, physical injuries, and emotional distress.

21. The defendant officers imprisoned plaintiffs PAULA MCCOURTY and ERIC GILLESPIE until November 2, 2012, when plaintiffs were arraigned on baseless charges filed in Queens County Criminal Court under docket numbers 2012QN058422 and 2012QN058420, respectively; said charges having been filed based on the false allegations of defendant GEORGE BRANCACCIO. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid disciplinary action for the above described acts of brutality.

22. Defendant BRANCACCIO created and manufactured false evidence against plaintiffs and used same against them in said legal proceedings. Specifically, defendant BRANCACCIO swore to false allegations that plaintiffs were purportedly acting disorderly and that they resisted arrest.

23. On November 2, 2012, all of the false charges filed against plaintiffs PAULA MCCOURTY and ERIC GILLESPIE were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

24. Defendants BRANCACCIO, and JOHN and JANE DOE 1 through 10 participated in or were present or otherwise aware of the incident failed to intervene in the illegal conduct described herein despite a meaningful opportunity to do so.

25. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, a practice of employing excessive force, due to discrimination against plaintiffs based on their race, and pursuant to a

4

practice of falsification.

26. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, disproportionately use force and arrest individuals due to discrimination against them based on their race and/or nationality, and engage in a practice of falsification.

27. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

28. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

29. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and their constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

30. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiffs PAULA MCCOURTY and ERIC GILLESPIE, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants arrested plaintiffs PAULA MCCOURTY and ERIC GILLESPIE without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

39. Defendants caused plaintiffs PAULA MCCOURTY and ERIC GILLESPIE to be falsely arrested and unlawfully imprisoned.

40. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

41. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs PAULA MCCOURTY and ERIC GILLESPIE'S constitutional rights.

43. As a result of the aforementioned conduct of defendants, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE were subjected to excessive force and sustained physical injuries.

44. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by

a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

45. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants created false evidence against plaintiffs PAULA MCCOURTY and ERIC GILLESPIE.

47. Defendants utilized this false evidence against plaintiffs PAULA MCCOURTY and ERIC GILLESPIE in legal proceedings.

48. As a result of defendants' creation and use of false evidence, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE suffered a violation of their constitutional rights to a fair trial as guaranteed by the United States Constitution.

49. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

50. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants maliciously issued criminal process against plaintiffs PAULA MCCOURTY and ERIC GILLESPIE by causing them to appear in Queens County Criminal Court.

52. Defendants caused plaintiffs PAULA MCCOURTY and ERIC GILLESPIE to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their illegal conduct.

53. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

54. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants had an affirmative duty to intervene on behalf of plaintiffs PAULA MCCOURTY and ERIC GILLESPIE, whose constitutional rights were being violated in their presence by other officers.

56. The defendants failed to intervene to prevent the unlawful conduct described herein.

57. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE were subjected to excessive force, their liberty was restricted for an extended period of time, and they were put in fear of their safety, humiliated, subjected to handcuffing, and imprisoned without probable cause.

58. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by

a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

59. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. The defendants seized, assaulted, battered, and detained plaintiffs PAULA MCCOURTY and ERIC GILLESPIE, because of their national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

61. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE were deprived of their rights under the Equal Protection Clause of the United States Constitution.

62. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

63. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. The supervisory defendants personally caused plaintiffs PAULA MCCOURTY and ERIC GILLESPIE'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

65. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC

GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

66. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force, disproportionately using excessive force and arresting individuals due to discrimination against them based on their race and/or nationality, and engaging in a practice of falsification.

69. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs PAULA MCCOURTY and ERIC GILLESPIE'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the

safety, well-being and constitutional rights of plaintiffs PAULA MCCOURTY and ERIC GILLESPIE.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs PAULA MCCOURTY and ERIC GILLESPIE as alleged herein.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs PAULA MCCOURTY and ERIC GILLESPIE as alleged herein.

73. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE were detained, subjected to excessive force, and imprisoned without probable cause.

74. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs PAULA MCCOURTY and ERIC GILLESPIE'S constitutional rights.

75. All of the foregoing acts by defendants deprived plaintiffs PAULA MCCOURTY and ERIC GILLESPIE of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from the use of excessive force and/or the failure to intervene;

    C.    To be free from seizure and arrest not based upon probable cause;

    D.    To be free from malicious abuse of process;

  E. To be free from deprivation of their right to a fair trial; and

  F. To receive equal protection under law.

76. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

77. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

79. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

80. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

81. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

82. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

83. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Defendants arrested plaintiffs without probable cause.

85. Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

86. As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

87. As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

88. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

89. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

91. As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

92. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC

GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

93. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. Defendants made offensive contact with plaintiffs without privilege or consent.

95. As a result of defendants' conduct, plaintiffs have suffered physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

96. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

97. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. Defendants issued criminal process against plaintiffs PAULA MCCOURTY and ERIC GILLESPIE by causing them to be arrested, and requiring theirs appearance in Queens County Criminal Court.

99. Defendants compelled plaintiffs' appearances to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their use of excessive force and abuse of authority.

100. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

101. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

103. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

104. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

105. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

106. As a result of the aforementioned conduct, plaintiffs suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

107. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by

a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

108. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "107" with the same force and effect as if fully set forth herein.

109. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

110. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

111. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

112. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the acts of misconduct alleged herein.

114. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

115. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

117. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

118. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they

engaged in the wrongful conduct described herein.

120. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §11)

121. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122. As a result of defendants' conduct, plaintiffs were deprived of their right to equal protection of laws.

123. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

124. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125. As a result of defendants' conduct, plaintiffs were deprived of their right to security against unreasonable searches, seizures, and interceptions.

126. As a result of the foregoing, plaintiffs PAULA MCCOURTY and ERIC

GILLESPIE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs PAULA MCCOURTY and ERIC GILLESPIE demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       January 29, 2014

                  LEVENTHAL & KLEIN, LLP
                  Attorneys for Plaintiffs PAULA MCCOURTY and
                  ERIC GILLESPIE
                  45 Main Street, Suite 230
                  Brooklyn, New York 11201
                  (718) 722-4100

By: _____
      BRETT H. KLEIN (BK4744)